IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RHONDA WHITEROCK FRED,

    Plaintiff,                                        CIV. NO. S-10-0845 JAM GGH PS

    vs.

WASHOE TRIBE OF NEVADA & CALIFORNIA,

    Defendant.                                        ORDER
_____/

        Plaintiff is proceeding pro se in this action, which was referred to the undersigned pursuant to Local Rule 72-302(c)(21). Presently pending is defendant's motion to dismiss this action pursuant to Fed. R. Civ. P 12(b)(1), 12(b)(2), 12(b)(6) and for failure to exhaust Tribal remedies. Plaintiff filed an opposition and defendant filed a reply.

        Plaintiff is a California Pomo Indian who seeks custody of her two minor grandchildren, T.F. and E.F. T.F. is a member of the Washoe Tribe and E.F. is eligible for membership in the Washoe Tribe. In November and December 2005, the children were removed from plaintiff's house by the Washoe Tribe's Department of Social Services (DSS), where they had been in the custody of their mother, M.F., also a member of the Washoe Tribe. The home that the children were removed from was not within the boundaries of the Washoe Indian Country.

Tribal court proceedings commenced, in which plaintiff and the mother participated, and the children were eventually placed in the care of their aunt.[1] On June 18, 2007, plaintiff filed two petitions for habeas corpus with the Tribal Court seeking custody, which were denied after a hearing on October 16, 2008.  Plaintiff appealed to the Inter-Tribal Court of Appeals of Nevada (ITCAN) which upheld the Tribal Court's dismissal on January 4, 2010.  The ITCAN denied plaintiff's request for reconsideration on February 18, 2010.

Plaintiff filed the instant action on April 9, 2010, requesting this court to grant her custody of the children thus invalidating the Tribal Court's ruling.  Plaintiff also states that the Washoe Tribal Court exercised unlawful jurisdiction.  The court notes there does not appear to be any action on behalf of the State of California.

After reviewing the pleadings and the relevant cases, the court cannot find any case law related to this specific situation.  If plaintiff was a member of the Washoe Tribe, then the Indian Child Welfare Act (ICWA) would govern and this federal court would not have jurisdiction.  If plaintiff was a non Indian, then she could bring a federal common law cause of action under 28 U.S.C. § 1331 to challenge the tribal court jurisdiction.  See Boozer v. Wilder, 381 F.3d 931, 934 (9th Cir. 2004)[2] citing Nat'l. Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 850-53, 105 S.Ct. 2447 (1985).

In the instant case, plaintiff is a Pomo Indian, thus a non-member Indian with respect to the Washoe Tribal Court.  One issue before the court is if the Washoe Tribal Court can assert jurisdiction over an Indian from a different tribe in an Indian child custody proceeding.  Within 21 days both parties are to file simultaneous briefing on this issue.

\\\\\

---

[1] It appears that later the children were placed with foster parents.

[2] While the Ninth Circuit ultimately dismissed the case in Boozer for failure to exhaust tribal court remedies which has also been raised in the motion to dismiss, the court notes that it is at least arguable that plaintiff exhausted tribal court remedies in the instant case.

1 | Assuming for sake of argument that plaintiff as a non-member Indian could
2 | challenge the tribal court jurisdiction in federal court, it is not entirely clear what would be the
3 | appropriate remedy if this court ruled that the tribal court did not have jurisdiction.  The majority
4 | of cases involve the federal courts ruling on jurisdiction in disputes between the states and the
5 | Indian Tribes.  In this case, there has been no action on behalf of the state.  Would this court
6 | order the state to begin custody proceedings and an investigation, or would plaintiff
7 | automatically receive custody of the children without any regard for the best interests of the
8 | children, or would custody proceedings occur in this federal court?  Any answer to these
9 | questions raises another host of questions involving Congressional intent of the ICWA as well as
10 | the sovereign power of the tribes and the role of federal courts.  Within 21 days both parties shall
11 | also file simultaneous briefing on this issue.

Accordingly, IT IS HEREBY ORDERED that within 28 days both parties are to file simultaneous briefing regarding the issues discussed above.

DATED: April 26, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH: AB
fred0845.ord