UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA WHITEROCK FRED,<br><br>        Plaintiff,<br><br>   v.<br><br>WASHOE TRIBE OF NEVADA & CALIFORNIA,<br><br>        Defendant. | No. 2:10-cv-0845 JAM-AC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

This matter is before the Court on Plaintiff Rhonda Whiterock Fred's ("Plaintiff") Motion for Relief from Final Judgment (Doc. #43). Defendant Washoe Tribe of Nevada & California ("Defendant") opposes the motion for reconsideration (Doc. #45).[1]

    I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff's original complaint was dismissed in August 2011 with leave to file an amended complaint within 28 days of the

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). No hearing was scheduled.

1

order dismissing Plaintiff's complaint.  <u>See</u> Order Dismissing Complaint, Doc. #28, at 2.  On September 6, 2011, Plaintiff filed a request for extension of time to file and appointment of counsel (Doc. #29).  Both requests were granted on October 13, 2011, and Plaintiff was given until December 23, 2011, to file her amended complaint (Doc. #35).  Defendant filed a notice of interlocutory appeal on September 12, 2011 (Doc. #30).  On January 12, 2012, the Court *sua sponte* ordered that "all current dates are vacated and the court will take no action in this case until prompted by a party."  Order Vacating Dates, Doc. #36, at 1-2.  On June 26, 2013, the appellate proceedings ended (Doc. #40).  On September 13, 2013, the Court dismissed Plaintiff's action for failing to file an amended complaint (Doc. #41).

## II.   OPINION

### A.   <u>Legal Standard</u>

Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  "Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)."  <u>Engleson v. Burlington N. R. Co.</u>, 972 F.2d 1038, 1043 (9th Cir. 1992) (citations omitted).

2

Plaintiff argues that she in good faith relied on the Court's order vacating all current dates and stating that the Court would take no further action until prompted by the parties. She also claims she mistakenly believed that after the appellate proceedings, she would not be held to the time limit within which to file her amended complaint. However, Plaintiff's amended complaint should have been filed by December 23, 2011, before the Court issued its *sua sponte* order on January 12, 2012. Therefore, Plaintiff could not have relied on the Court's order. Accordingly, Plaintiff has not provided the Court with sufficient grounds for relief.

### III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Reconsideration.

IT IS SO ORDERED.

Dated: November 6, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

3